IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN GOMES AND KATHERINE GOMES | CASE NO.: |
| Plaintiffs, | |
| v. | |
| STATE AUTO INSURANCE COMPANIES, GOOSEHEAD INSURANCE AGENCY, LLC, LIBERTY MUTUAL INSURANCE COMPANY, | PETITION FOR REMOVAL BASED UPON DIVERSITY OF CITIZENSHIP |
| Defendants. | OCTOBER 20, 2025 |

NOW COME petitioner/defendant Goosehead Insurance Agency, LLC, by and through its undersigned counsel, and respectfully petition this Honorable Court as follows:

1.  By way of filing a Summons and Complaint with the Connecticut Superior Court, plaintiffs John Gomes and Katherine Gomes commenced a civil action in the Connecticut Superior Court, captioned *John Gomes, et al v. State Auto Insurance Companies, et al.* docket number NNH-CV25-6160647-S (hereinafter "State Court Action"). The Complaint in the State Court Action bears a Return Date of October 28, 2025 and was filed in Connecticut Superior Court on September 23, 2025. The undersigned has filed an Appearance in that case to notify the State Court that this action was being removed to Federal Court. Because the Return Date in the State Court Action is not until October 28, 2025, counsel for the other named Defendants has not yet appeared or responded in the

1

matter. No further proceedings before the Connecticut Superior Court have occurred. A copy of the Summons and Complaint in the State Court Action is attached hereto as **Exhibit A.**

      2.     The Complaint in the State Court Action alleges that the Plaintiffs owned property in Ansonia, Connecticut, and purchased a homeowners insurance policy form State Auto Insurance Companies for a period of September 25, 2022 through September 25, 2023. The Complaint further alleges that Liberty Mutual Insurance Company around March 1, 2022. A dog bite claim was filed on October 15, 2022, but Plaintiffs were informed they would be dropped from coverage. It is alleged that Plaintiffs were unable to obtain new insurance while the claim remained unresolved. The Complaint further alleges that on November 10, 2023, Plaintiffs were informed the claim had actually be closed on September 18, 2023, but they had not been notified. Count One is a Breach of Contract Count by the Plaintiffs against the three Defendants. The Second Count is a Breach of the Covenant of Good Faith and Fair and Dealing against the three Defendants. Count Three alleges Violations of the Connecticut Unfair Trade Practices Act against the three Defendants. Count Four is an Unjust Enrichment Count against Libert Mutual Insurance Company. Count Five is an Unjust Enrichment Count against Goosehead Insurance Agency, LLC. Count Six alleges Quantum Meruit against Liberty Mutual Insurance Company. Count Seven is a Quantum Meruit Count against Goosehead Insurance Agency, LLC. Count Eight alleges Negligent Misrepresentation against the three Defendants. As a result, Plaintiffs claims to have suffered various damages and losses.

      3.     Goosehead Insurance Agency, LLC was served with the Summons and Complaint on September 19, 2025. A copy of the Return of Service is attached hereto as

**Exhibit B.**

4. Upon information and belief, State Automobile Mutual Insurance Company was served with the Summons and Complaint on September 19, 2025. *Id.*

5. Upon information and belief, Liberty Mutual Insurance Company was served with the Summons and Complaint on September 19, 2025. *Id.*

6. Accordingly, the time within Goosehead Insurance Agency, LLC is required by the laws of the United States, 28 U.S.C. § 1446(b) to file this notice of removal has not yet expired. This Notice of Removal is timely, having been filed within 30 days of the date on which Goosehead Insurance Agency, LLC was served with Plaintiffs' Complaint. *See* 28 U.S.C. § 1446.

7. This action is being removed to the District Court pursuant to 28 U.S.C §§ 1441(a) and 1332. In support of this Petition for Removal, Petitioner respectfully states and represents as follows:

   a. By Complaint dated September 23, 2025, Plaintiffs filed suit against the Petitioner and the other named Defendants. Service was accomplished upon the Petitioner and Defendants on or about September 19, 2025. The Complaint seeks venue in the Superior Court of Connecticut, Judicial District of New Haven at New Haven.

   b. The Plaintiffs are both citizens and domiciliaries in Ansonia, Connecticut.

   c. At all times relevant, Petitioner Goosehead Insurance Agency, LLC, was and is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Westlake, Texas.

  d. At all relevant times, Liberty Mutual Insurance Company was and is a corporation has a principal place of business in Massachusetts

  e. At all times relevant, State Auto Insurance Companies was and is a corporation. Upon information and belief, it has a principal place of business being Westlake, Texas.

  f. In their Complaint, Plaintiffs allege that as a result of the underlying dog bite claim, they were unable to obtain a new homeowners insurance policy due to the defendants' failure to notify them that a prior claim had been closed. Further, as a result of the underlying dog bite claim, Plaintiffs purport to allege they suffered an uninsured loss arising from that dog bite claim. Consequently, the amount in controversy does exceed $75,0000, exclusive of interest and costs.

  8. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between the Plaintiffs and the Petitioners/Defendants as outlined above, and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

  9. Venue is proper pursuant to 28 U.S.C. §1391(a) and (b), because Plaintiffs are citizens of the State of Connecticut and Petitioner and Defendants are subject to personal jurisdiction in Connecticut.

  10. Pursuant to 28 U.S.C. §1446(d), Petitioner has on this date given written notice to all adverse parties and notified the Superior Court of Connecticut of the filing of this Petition. Because the Return Date in the State Court Action is not until October 28, 2025, no other Defendants have appeared, and therefore their consent to removal could not be

obtained at this time. A copy of the Notice of Filing Petition for Removal to Federal Court filed with the Superior Court is attached hereto as **Exhibit C.**

**WHEREFORE,** based upon the foregoing, Petitioner respectfully requests that the State Court Action be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1441(a), and that further proceedings in the Connecticut Superior Court, Judicial District of New Haven at New Haven be discontinued.

Respectfully submitted,

DEFENDANT/PETITIONER,
GOOSHEAD INSURANCE
AGENCY, LLC

By: *Jody N. Cappello*
Jody N. Cappello
Federal Bar No. (ct26982)
FREEMAN, MATHIS & GARY, LLP
185 Asylum St., 6th Floor
Hartford CT 06103
Phone: 959-202-4978
michael.kenney@fmglaw.com

**CERTIFICATION OF SERVICE**

    I hereby certify that on October 20, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Scott Jackson, Esq.
Levinson, Spiegel & Jackson
66 Anderson Street
New Haven, Connecticut 06511
Tel. No.: 202-562-887
Fax No.: 203-562-0686
Paralega1@lsjlegal.com

                                                     */s/ Jody N. Cappello*
                                                     Jody N. Cappello