# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/

**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [x] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6800 | 10/28/2025 |

| | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| [x] Judicial District   G.A. Number: | New Haven | Major: **C**   Minor: **20** |
| [ ] Housing Session | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number (if attorney or law firm) |
|---|---|
| Levinson, Spiegel & Jackson, 66 Anderson Street, New Haven, CT 06511 | 436664 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (203) 562-8887 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)   [x] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book: Paralegal1@lsjlegal.com

| Parties | Name (Last, First, Middle Initial) and address of each party | |
|---|---|---|
| First plaintiff | Name: Gomes, John<br>Address: 80 Woodbridge Avenue, Ansonia, CT 06401 | P-01 |
| Additional plaintiff | Name: Gomes, Katherine<br>Address: 80 Woodbridge Avenue, Ansonia, CT 06401 | P-02 |
| First defendant | Name: State Auto Insurance Companies, 1500 Solana Blvd, Bldg, Suite 4500, Westlake, TX 76262<br>Address: C/o CT Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-01 |
| Additional defendant | Name: Goosehead Insurance Agency, LLC, 1500 Solana Blvd, Bldg, Suite 4500, Westlake, TX 76262<br>Address: C/o Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT 06103 | D-02 |
| Additional defendant | Name: Liberty Mutual Insurance Company, 175 Berkley Street, Boston, MA<br>Address: C/o CT Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

Total number of plaintiffs: 2    Total number of defendants: 3    [ ] Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [x] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 9/18/2025 | /s/ | [ ] Clerk | Scott E. Jackson, Esq. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

**For Court Use Only**
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:
(a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| Housing | H 00 | Housing - Summary Process | | T 30 | Malpractice - All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing - Bed Bug Infestation | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* - Property Damage only |
| | H 90 | Housing - All Other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* - All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline - Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE: October 28, 2025 : SUPERIOR COURT

JOHN GOMES and
KATHERINE GOMES : J. D. OF NEW HAVEN

V. : AT NEW HAVEN

STATE AUTO INSURANCE
COMPANIES,
GOOSEHEAD INSURANCE AGENCY, LLC
and LIBERTY MUTUAL INSURANCE
COMPANY : SEPTEMBER 18, 2025

## COMPLAINT

**COUNT ONE**: Breach of Contract

1. Plaintiff John Gomes ("J. Gomes") was the owner of a parcel of property located at 80 Woodbridge Avenue, Ansonia, Connecticut ("80 Woodbridge Ave").

2. Plaintiff Katherine Gomes ("K. Gomes") was the owner of a parcel of property located at Woodbridge Ave.

3. Defendant State Auto Insurance Companies ("State Auto") is and/or was an insurance company which has a business address of 1500 Solana Blvd, Bldg 4, Suite 4500, Westlake, Texas.

4. Defendant Goosehead Insurance Agency, LLC ("Goosehead") is and/or was an insurance related company which has a business address of 1500 Solana Blvd, Bldg 4, Suite 4500, Westlake Texas and at all times referenced herein was acting as an agent and/or affiliate of State Auto or otherwise had a beneficial business relationship with State Auto.

5. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is an insurance company

which has a business address of 175 Berkeley Street, Boston, Massachusetts and accepts service via the Corporation service company located at Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut.

6. Upon information and belief, on or around March 1, 2022, Liberty Mutual acquired State Auto and some and/or all of its home insurance policies.

7. On or around August 19, 2022, J. Gomes and K. Gomes (collectively, the "Plaintiffs") entered into an agreement with State Auto Insurance Companies, whereby State Auto agreed to provide home insurance coverage to the Plaintiffs and the Plaintiffs agreed to pay a total policy premium of One Thousand Five Hundred Sixteen and 58/100 ($1,516.58) DOLLARS (the "State Auto Insurance Policy").

8. The State Auto Insurance Policy ran for a policy period of September 25, 2022 through September 25, 2023, under policy number 1000956781.

9. Pursuant to the policy, State Auto was required to send timely notice regarding actions taken on claims.

10. Pursuant to the policy, State Auto was required to send timely notices and/or adverse notices regarding actions taken on the policy.

11. On or around October 15, 2022, an insurance claim was opened by the Plaintiffs in connection with a dog bite incident under claim number PR-455412 (the "Insurance Claim").

12. After October 15, 2022, the Plaintiffs were notified that the claim still had to be resolved,

but that they would be dropped as a covered insured under the State Auto Insurance Policy.

13. In 2023, the Plaintiffs made efforts to obtain a new homeowners insurance policy, however they were informed that they would not be able to obtain a new homeowners insurance policy while the Insurance Claim remained opened and unresolved.

14. On November 10, 2023, Plaintiff K. Gomes reached out to State Auto in order to ascertain information as to the status of the Insurance Claim, in order to obtain new insurance coverage.

15. On November 10, 2023, an individual employed by Liberty Mutual and/or State Auto, Hearther R. Khan, informed Katherine Gomes of the following: "I am so sorry, as it looks like my September 19th email to you never sent. Please allow this to confirm that the claim was officially closed as of September 18, 2023."

16. On November 20, 2023, the Plaintiffs suffered a loss which could have been covered under an insurance policy.

17. Unfortunately, the Plaintiffs did not have a homeowners insurance policy on November 20, 2023.

18. The Plaintiffs were unable to acquire a homeowners insurance policy prior to the November 20, 2023 loss, due to the fact that they were not timely informed of the fact that the Insurance Claim had been closed on September 18, 2023.

19. As a result of the Defendants' failure to inform the Plaintiffs that the claim had been closed, the Plaintiffs have suffered damages and losses.

**COUNT TWO**: Breach of the covenant of good faith and fair deadline

1-19. Paragraphs 1-19 of the First Count are hereby incorporated and made corresponding paragraphs 1-19 of this Second Count, as if fully included herein.

20. The Plaintiffs had reasonable expectations to receive the benefit of their bargain.

21. The acts and/or omissions of the Defendants impeded the Plaintiffs from receiving said benefits.

22. Defendants, their agents, servants and/or employees acted with a reckless, negligent and/or dishonest purpose through.

23. As a result of the Defendants' breach of the covenant of good faith and fair dealing, the Plaintiffs have suffered damages.

**COUNT THREE**: Violations of the Connecticut Unfair Trade Practices Act

1-19. Paragraphs 1-19 of the First Count are hereby incorporated and made corresponding paragraphs 1-19 of this Third Count, as if fully included herein.

20. At all times pertinent hereto, Defendants State Auto, Goosehead and Liberty Mutual were engaged in the conduct of trade or commerce in the state of Connecticut.

21. At all times pertinent hereto, Defendants State Auto, Goosehead and Liberty Mutual were prohibited by Conn. Gen. Stat. § 42-110b *et seq.* from engaging in unfair or deceptive acts or practices.

22. As insurance companies, Defendants State Auto, Goosehead and Liberty Mutual were

prohibited by Conn. Gen. Stat. § 38a-815 *et seq.* from engaging in unfair insurance practices.

23. The Defendants, their agents, servants and/or employees, acted in an unfair matter which was immoral, unethical, oppressive and/or unscrupulous through failing to adhere to obligations pursuant to the State Auto Insurance Policy.

24. The Defendants, their agents, servants and/or employees, acted in a manner which offends public policy through failing to adhere to obligations pursuant to the State Auto Insurance Policy and through failing to handle and resolve claims in an ethical, professional and responsible manner.

25. The Defendants, they agents, servants and/or employees, acted in a manner which causes and/or poses the potential to cause substantial injury to consumers, through failing to handle and resolve claims in an ethical, professional and responsible manner.

26. The Defendants, their agents, servants and/or employees, breached Conn. Gen. Stat. § 38a-816 through engaging in unfair claim settlement practices, through one or more of the following acts:

   a. Failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies;

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   c. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

    d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear;

    e. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim; and/or

    f. Failure to maintain complaint handling procedures.

27. Upon information and belief, the Defendants have engaged in activities barred under Conn. Gen. Stat. § 38a-816 with such frequency to establish that it is a general business practice.

28. The Defendants' breach of Conn. Gen. Stat. § 38a-816 constitutes a breach of Conn. Gen. Stat. § 42-110b.

29. The Plaintiffs have been proximately harmed as a result of the Defendants' acts and/or omissions, barred by both Conn. Gen. Stat. §§ 38a-816 and 42-110b.

30. The Plaintiffs have been caused to suffer ascertainable losses as a result of the Defendants' acts and/or omissions barred by both Conn. Gen. Stat. §§ 38a-816 and 42-110b.

**COUNT FOUR:** Unjust enrichment

1-6. Paragraphs 1-6 of the First Count are hereby incorporated and made corresponding paragraphs 1-6 of this Fourth Count, as if fully included herein.

7. Upon information and belief, Liberty Mutual benefitted from the policy premiums paid to State Auto from the Plaintiffs.

8. Defendant Liberty Mutual unjustly did not provide benefits for the benefits they received.

9. Defendant Liberty Mutual caused the Plaintiffs to suffer harms due to their negligent and unprofessional claims handling procedures.

10. Defendant Liberty Mutual was unjustly enriched.

11. The Plaintiffs were caused to suffer losses due to Liberty Mutual's unjust enrichment.

12. It is inequitable to allow Defendant Liberty Mutual to be unjustly enriched.

**COUNT FIVE**: Unjust Enrichment

1-6. Paragraphs 1-6 of the First Count are hereby incorporated and made corresponding paragraphs 1-6 of this Five Count, as if fully included herein.

7. Upon information and belief, Goosehead benefitted from the policy premiums paid to State Auto from the Plaintiffs.

8. Defendant Goosehead unjustly did not provide benefits for the benefits they received.

9. Defendant Goosehead caused the Plaintiffs to suffer harms due to their negligent and unprofessional claims handling procedures.

10. Defendant Goosehead was unjustly enriched.

11. The Plaintiffs were caused to suffer losses due to Goosehead's unjust enrichment.

12. It is inequitable to allow Defendant Goosehead to be unjustly enriched.

**COUNT SIX**: Quantum Meruit

1-6. Paragraphs 1-6 of the First Count are hereby incorporated and made corresponding paragraphs 1-6 of this Sixth Count, as if fully included herein.

7. Due to Liberty Mutual's acquisition of State Auto, a quasi contract existed between State Auto's insured, the Plaintiffs, and Liberty Mutual.

8. Due to Liberty Mutual's acquisition of State Auto, Liberty Mutual knowingly accepted the policy premium payments from the Plaintiffs.

9. Liberty Mutual, through their agent State Auto made representations to the Plaintiffs regarding homeowners insurance coverage and claims handling procedures.

10. Liberty Mutual, through their agent State Auto, made representations to the Plaintiffs regarding when notices would be sent.

11. The Plaintiffs paid policy premiums to the agent of Liberty Mutual, State Auto.

12. Liberty Mutual, and/or their agent State Auto, failed to fulfill their obligations to the Plaintiffs.

13. The Plaintiffs suffered losses.

**COUNT SEVEN**: Quantum Meruit

1-6. Paragraphs 1-6 of the First Count are hereby incorporated and made corresponding paragraphs 1-6 of this Seventh Count, as if fully included herein.

7. Due to Goosehead's business relationship of State Auto, a quasi contract existed between State Auto's insured, the Plaintiffs, and Goosehead.

8. Due to Goosehead's business relationship with State Auto, Goosehead knowingly accepted the policy premium payments from the Plaintiffs.

9. Goosehead, through their agent State Auto made representations to the Plaintiffs regarding homeowners insurance coverage and claims handling procedures.

10. Goosehead, through their agent State Auto, made representations to the Plaintiffs regarding when notices would be sent.

11. The Plaintiffs paid policy premiums to the agent of Goosehead, State Auto.

12. Goosehead, and/or their agent State Auto, failed to fulfill their obligations to the Plaintiffs.

13. The Plaintiffs suffered losses.

**COUNT EIGHT**: Negligent misrepresentation

1-19. Paragraphs 1-19 of the First Count are hereby incorporated and made corresponding paragraphs 1-19 of this Eighth Count, as if fully included herein.

20. The Defendants, their agents, servants and/or employees, made a misrepresentation of fact to the Plaintiffs and/or multiples misrepresentations of fact to the Plaintiffs.

21. The Defendants, their agents, servants and/or employees misrepresentations, made misrepresentations of fact, including but not limited to the following:

    a. That they would notify the Plaintiffs when the Insurance Claim was resolved;

    b. They they would handle claims in a prompt and timely manner;

    c. That they would send notices in a prompt and timely manner; and/or

    d. That they would handle claims in a professional and ethical manner.

22. The Defendants, their agents, servants and/or employees, knew or should have known that

the misrepresentations were false.

23.     The Plaintiffs reasonably relief on the misrepresentations of the Defendants, their agents, servants and/or employees.

24.     Specifically, the Plaintiffs reasonable waited to acquire a homeowners insurance policy until they received notice that the Insurance Claim had been resolved.

25.     The Plaintiffs suffered pecuniary harm as a result of the negligent misrepresentations made by the Defendants, their agents, servants and/or employees.

WHEREFORE, the Plaintiffs claim:

1) Money damages as to all counts;
2) Costs and Attorney's Fees;
3) Punitive damages as prescribed by law;
4) Consequential damages;
5) Punitive damages pursuant to § 42-110 *et seq*;
6) Such other and further relief as the Court may deem necessary, proper and just.

> THE PLAINTIFFS,
> JOHN GOMES and
> KATHERINE GOMES
>
> _____
> Scott Jackson, Esq.
> Levinson, Spiegel & Jackson
> 66 Anderson Street
> New Haven, Connecticut 06511
> Tel. No.: 203-562-8887
> Fax. No.: 203-562-0686
> Juris No.: 436664

| | | |
|---|---|---|
| RETURN DATE: October 28, 2025 | : | SUPERIOR COURT |
| JOHN GOMES and KATHERINE GOMES | : | J. D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| STATE AUTO INSURANCE COMPANIES, GOOSEHEAD INSURANCE AGENCY, LLC and LIBERTY MUTUAL INSURANCE COMPANY | : | SEPTEMBER 18, 2025 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is more than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

THE PLAINTIFFS,
JOHN GOMES and
KATHERINE GOMES

_____
Scott Jackson, Esq.
Levinson, Spiegel & Jackson
66 Anderson Street
New Haven, Connecticut 06511
Tel. No.: 203-562-8887
Fax. No.: 203-562-0686
Juris No.: 436664

12